UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET O'LEARY AND PETER BANDEL<br><br>PLAINTIFFS,<br><br>vs.<br><br>NEW REZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING<br><br>DEFENDANTS | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

Plaintiff sues Defendants and by way of a Complaint states:

1. **Parties and Jurisdiction**
    A. Janet O'Leary and Peter Bandel, collectively identified as the Plaintiff, are of majority age residing at 417 SANDLEWOOD ROAD, VILLAS NJ 08251 (the "property")
    B. Defendants NewRez LLC d/b/a ShellPoint Mortgage Servicing, ( including its agents servants workmen and employees) is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its **principal office at 55 Beattie Place, Suite 500, Greenville, South Caroline 29603.**
    C. At all times relevant and material hereto the Defendants were the owner and/or servicers of the Note/Mortgage referenced herein, or, alternatively were the successors in interest as owners or servicers of the note, charged with and/or inheriting the responsibility and liability of all prior acts of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on its own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage and of each other.

- D. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. including Regulation X, and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343.
- E. The amount in controversy is in excess of $75000.00.

2. **Background Material Facts**
   - A. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, presently identified as Loan Number 0578600695, associated with their residence, was alleged to be in a default status.
   - B. The Plaintiff retained the services of the Keaveney Legal Group as counsel, to assist in all aspects of the resolution of the alleged delinquency/default.
   - C. At all times relevant and material hereto the Plaintiff was intentionally or negligently prevented from exercising their legal right to cure the delinquency/default, due to the mishandling and servicing of the Plaintiff's account by the Defendants, individually and/or jointly.
   - D. Specifically, the Defendants engaged in the following conduct without prompt resolution, correction, adjustment and/or reconciliation:
     - i. In March of 2020 Plaintiff received notice from Shellpoint that they were eligible for forbearance due to COVID. Plaintiff accepted the 3 month forbearance.
     - ii. Towards the end of the forbearance period Shellpoint began offering multiple extensions, which were accepted through May of 2021.
     - iii. In late May of 2021 the Plaintiff was repetitively told that they could start making regular monthly payment. Plaintiff was previously advised that at the end of the forbearance period, the account would be deemed current and that regular monthly payments would resume – see letter from Defendants dated September 30, 2020, a copy of which is attached hereto and marked as **Exhibit A**.

    iv.    Plaintiff made regular monthly mortgage payments in June, July and August of 2021. They were all returned to the Plaintiff with the Defendants later stating that all payments not made during the months of the forbearance period had to be made. The Plaintiff was never made aware of this and this statement ran contrary to previous oral communications as well as the statement made in **Exhibit A.**

    v.    At all times relevant and material hereto the Defendants knew that the Plaintiff could not afford such a lump sum payment of accumulated months of mortgage, and such a position advanced by the Defendants rendered the whole idea and understanding of the need for forbearance a sham.

    vi.    Plaintiff complaint to the Defendant's assigned Point of Contact (POC), about the return of payments email dated June 29, 2021, stating:

From: beachpoint <beachpoint@comcast.net>
Sent: Tuesday, June 29, 2021 6:01 AM
To: LM_Kallin-Estep, William <wkallin-estep@shellpointmtg.com>
Subject: Returned check

Will. Our june payment was returned. Said we were 90 days late! What the H.
We did what you told us to do. Certainly not our fault we didn't hear any further word.and we were in forbearance til May.

    vii.    To this email the POC responded:

William LM_Kallin-Estep <wkallin-estep@shellpointmtg.com>    6/30/2021 9:29 PM

RE: Returned check

To beachpoint <beachpoint@comcast.net>

That is very odd and disconcerting, I agree.

Kindest regards,
Will


William Kallin-Estep (He/Him/His)
Loss Mitigation Specialist for Shellpoint Mortgage Servicing
Hours of Operation: Monday, Tuesday, Thursday, Friday from 0800 to 1700 Central Standard Time. Wednesdays 1200 CST – 2100 CST.
Toll Free Number: 346-843-8122
Email: wkallin-estep@shellpointmtg.com

  viii. The response of the POC clearly indicates that the rejection of the payments by the Defendants what not in accordance with the agreement between the parties as to what was to be paid upon the expiration of the forbearance, specifically that the account would be deemed current and that regular monthly payments would resume – per letter from Defendants dated September 30, 2020.

  ix. The understanding between the parties that the Plaintiff would resume regular payments was previously confirmed in an email from the POC dated May 10, 2021 which stated:

---

William LM_Kallin-Estep <wkallin-estep@shellpointmtg.com>  5/10/2021 9:48 AM

**RE: loan#0578600695**

To beachpoint@comcast.net <beachpoint@comcast.net>

Hi Jan,

I am sincerely so sorry for the delayed email response! Your email went into my "spam" folder for some reason. I am happy to read that you'll be able to resume payments. Your Forbearance just ended and since you will not be ready to resume payments until June 2021, will you go ahead and send me an updated hardship letter and bank statement as soon as possible, please?

Kindest regards,
Will

**William Kallin-Estep**
Loss Mitigation Specialist for Shellpoint Mortgage Servicing
Hours of Operation: Monday – Friday from 0800 to 1700 Central Standard Time
Toll Free Number: 346-843-8122
Email: wkallin-estep@shellpointmtg.com

---

  x. The Plaintiff was then offered to apply for a loan modification with the Defendants expressly promising at all times to abide by a rules, laws and regulations governing loss mitigation, including but not limited to: the Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq.

xi. The Plaintiff applied for a modification and submitted all required documents within 10 days. The POC said everything looked fine and ordered an interior BPO of the property. When it came in, the POC said value was fine.

xii. Contrary to law as hereinafter identified, the Defendants failed to act timely on the application and the Plaintiff then received notice that documents had to be resubmitted. This was done, yet again no timely decision was rendered on the application and the process has to be repeated.

xiii. In late September of 2021 a Defendant representative called and asked about the Plaintiff's intentions. Said representative was told that they were just waiting on the modification.

xiv. The Plaintiff was told that the modification file was closed for failure to submit documentation to which the Plaintiff objected, denied and demanded to seek to a supervisor.

xv. The Plaintiff was told not to worry- that they had 30 days to resubmit everything again, which was done promptly.

xvi. The Plaintiff was assigned a new POC who called me about a month and again said we needed to submit new documents. The Plaintiff complied again.

xvii. In March of 2022 the Plaintiff was notified that their modification application was denied request because was 2% in excess of their arbitrary debt-to-income ratio. A copy of said denial is attached hereto and marked as **Exhibit B.**

xviii. A review of the denial shows that the Defendant's calculations in assessing the DTI ration wrongly included a $320 HOA fees which the Plaintiff did not have and failed to include almost $1000 monthly added income. Had Defendants properly, competently and professionally performed the DTI analysis, the Plaintiff would and should have been approved for a loan modification and their mortgage would have been deemed current.

xix. Plaintiff has since been threatened with foreclosure and the loss of their home.

xx. At all times relevant and material hereto the Defendants failed to deliver their decision within the time frame as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests, all adversely affecting the DTI calculations.

xxi. Shellpoint's representatives serving as Point of Contact receive "points" or demerits" if they submit modification documents to underwriting and anything is even slightly incorrect, missing, or expired. This policy generates fear into the POC, and they delay submissions, looking out for their own personal interests as opposed to the interest of the borrower.

xxii. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.

xxiii. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

xxiv. Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

  xxv. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X, by engaging in unjustified delays, issuing improper denials and failing to properly evaluate and approve Plaintiff's applications, for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

E. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

F. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

G. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

 a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of her property;

 b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

 c. Other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE
### Common Law Negligence and/or Reckless Indifference

1. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

2. As set forth in the **Background Material Facts** incorporated herein Defendants, through their agents, servants and employees, negligently, carelessly, recklessly and/or intentionally fail to manage, service and/or maintain the Plaintiff's account and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false

pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    i. Defendants engaged in a repetitive pattern of neglect and/or misrepresentation in informing the Plaintiff that they would be able to resume normal regular monthly payments upon the expiration of their forbearance period while at all times the Plaintiffs were expected and demanded to pay all payments from the months during the forbearance upon conclusion of the forbearance period.

    ii. At all times relevant and material hereto the Defendants knew that the Plaintiffs would not be able to afford a significant lump sum payment and allowed the Plaintiffs to believe that such a lump sum was not necessary.

    iii. At all times relevant and material hereto the Defendants did invite and offer the Plaintiff to seek and apply for loss mitigation, specifically a loan modification, promising at all times to abide by a rules, laws and regulations governing loss mitigation, including but not limited to: the Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq.

    iv. Defendants then engaged in a pattern of neglect and/or intentional mishandling of the applications, repeatedly asking the Plaintiff to resubmit the same, due in whole or in part Shellpoint's policy of punishing representatives serving as Point of Contact with "points" or demerits" if they submit modification documents to underwriting and anything is even slightly incorrect, missing, or expired. This policy generates fear into the POC, and they delay submissions, looking out for their own personal interests as opposed to the interest of the borrower.

    v. Failing to deliver their decision within the time frame as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests, all adversely affecting the DTI calculations.

vi. Improperly calculating the Plaintiff's debt to income ration leading to a wrongful denial of Plaintiff's loan modification application.

vii. At all times relevant and material hereto the Defendants otherwise failed to properly evaluate the Plaintiff for loss mitigation based on what had been submitted as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(2) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests.

viii. At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40.

ix. At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

x. Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

xi. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X, by engaging in unjustified delays, issuing improper denials and failing to properly timely evaluate and approve Plaintiff's applications, for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

3. Alternatively, and or additionally, Defendants negligently, carelessly, recklessly and/or intentionally engaged in acts of omission, including but not limited to failing to communicate, knowingly disregarding, concealing, and suppressing material account information specifically that it was choosing to ignore Plaintiff's billing inquiries

4. As a further direct result of the conduct of the Defendant as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

   a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of his property;
   b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
   c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:

   a. Punitive and/or treble damages;
   b. Damages as permitted by statute and common law;
   c. Counsel fees;
   d. All other relief this Court deems necessary and just.

## COUNT TWO

**Common Law Fraud and/or Violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

5. Plaintiff hereby incorporates herein by reference all preceding paragraphs as if set forth at length.
6. At all times relevant and material hereto the Plaintiff was a consumer of the Defendants' goods and services and as such the conduct of the Defendant and the transaction was governed by the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

7. As set forth in the **Background Material Facts** incorporated herein Defendants, through their agents, servants and employees, did violate the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.** by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    i. Defendants engaged in a repetitive pattern of neglect and/or misrepresentation in informing the Plaintiff that they would be able to resume normal regular monthly payments upon the expiration of their forbearance period while at all times the Plaintiffs were expected and demanded to pay all payments from the months during the forbearance upon conclusion of the forbearance period.

    ii. At all times relevant and material hereto the Defendants knew that the Plaintiffs would not be able to afford a significant lump sum payment and allowed the Plaintiffs to believe that such a lump sum was not necessary.

    iii. At all times relevant and material hereto the Defendants did invite and offer the Plaintiff to seek and apply for loss mitigation, specifically a loan modification, promising at all times to abide by a rules, laws and regulations governing loss mitigation, including but not limited to: the Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq.

    iv. Defendants then engaged in a pattern of neglect and/or intentional mishandling of the applications, repeatedly asking the Plaintiff to resubmit the same, due in whole or in part Shellpoint's policy of punishing representatives serving as Point of Contact with "points" or demerits" if they submit modification documents to underwriting and anything is even slightly incorrect, missing, or expired. This policy generates fear into the POC, and they delay submissions, looking out for their own personal interests as opposed to the interest of the borrower.

    v. Failing to deliver their decision within the time frame as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) et seq.- all of which served to delay the potential resolution

|      |      |
| ---- | ---- |
|      | or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests, all adversely affecting the DTI calculations. |
| vi.  | Improperly calculating the Plaintiff's debt to income ration leading to a wrongful denial of Plaintiff's loan modification application. |
| vii. | At all times relevant and material hereto the Defendants otherwise failed to properly evaluate the Plaintiff for loss mitigation based on what had been submitted as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(2) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests. |
| viii.| At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40. |
| ix.  | At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39. |
| x.   | Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X. |
| xi.  | The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X, by engaging in unjustified delays, issuing improper denials and failing to properly timely evaluate and approve Plaintiff's applications, for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l). |

8. The actions of the Defendants were intentionally performed in direct contradiction to its promises to provide superior and legally compliant loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiff.
9. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully accused of a delinquency and default and/or unlawfully prevented from curing a default; and, Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

2.

8. The actions of the Defendants constitute a violation of the principles of common law fraud as pronounced by New Jersey Courts.
9. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:
    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;
    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages, interests and costs of suit including:
    a. Punitive and/or treble damages;
    b. Damages as permitted by statute and common law;
    c. Counsel fees;
    d. All other relief this Court deems necessary and just.

## COUNT THREE

## Violations of the Truth-in-Lending Act,

## Real Estate Settlement and Procedures Act and the Fair Debt Collection Practices Act

12. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

13. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

14. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

15. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

16. As set forth in the **Background Material Facts** incorporated herein Defendants, through their agents, servants and employees, engaged in a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X Specifically but not by way of limitation the Defendant's violations and failures consisted of:

    i. Defendants engaged in a repetitive pattern of neglect and/or misrepresentation in informing the Plaintiff that they would be able to resume normal regular monthly payments upon the expiration of their forbearance period while at all times the Plaintiffs were expected and demanded to pay all payments from the months during the forbearance upon conclusion of the forbearance period.

    ii. At all times relevant and material hereto the Defendants knew that the Plaintiffs would not be able to afford a significant lump sum payment and allowed the Plaintiffs to believe that such a lump sum was not necessary.

    iii. At all times relevant and material hereto the Defendants did invite and offer the Plaintiff to seek and apply for loss mitigation, specifically a loan

|      |      |
|------|------|
|      | modification, promising at all times to abide by a rules, laws and regulations governing loss mitigation, including but not limited to: the Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024 et seq. |
| iv.  | Defendants then engaged in a pattern of neglect and/or intentional mishandling of the applications, repeatedly asking the Plaintiff to resubmit the same, due in whole or in part Shellpoint's policy of punishing representatives serving as Point of Contact with "points" or demerits" if they submit modification documents to underwriting and anything is even slightly incorrect, missing, or expired. This policy generates fear into the POC, and they delay submissions, looking out for their own personal interests as opposed to the interest of the borrower. |
| v.   | Failing to deliver their decision within the time frame as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(1) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests, all adversely affecting the DTI calculations. |
| vi.  | Improperly calculating the Plaintiff's debt to income ration leading to a wrongful denial of Plaintiff's loan modification application. |
| vii. | At all times relevant and material hereto the Defendants otherwise failed to properly evaluate the Plaintiff for loss mitigation based on what had been submitted as required under Real Estate Settlement Procedures Act, Regulation X, Subpart C, 12 C.F.R. Sec 1024.41(c)(2) et seq.- all of which served to delay the potential resolution or cure, causing the delinquency and outstanding principal balance and interest to grow to the detriment of the Plaintiff's financial interests. |
| viii.| At all times relevant and material hereto the Defendants failed to maintain continuity of contact through a single point of contact as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.40. |

    ix.   At all times relevant and material hereto the Defendants failed to engage in early intervention as required under Regulation X, Subpart C, 12 C.F.R. Sec 1024.39.

    x.   Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

    xi.   The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X, by engaging in unjustified delays, issuing improper denials and failing to properly timely evaluate and approve Plaintiff's applications, for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

17. Defendants have repetitively yet deceptively advised the Plaintiff that they would be "looking into this matter and will get back to your shortly", but then steadfastly refused to address this dispute and/or perform the required Escrow Analysis to reconcile these errors, all in violation of 12 CFR Part 1024.17(c) Regulation X.

18. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

19. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

20. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

21. As a direct and proximate result of the aforesaid, the Plaintiff was wrongfully accused of a delinquency and default and/or unlawfully prevented from curing a default; and, Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

22. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

   a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;
   b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
   c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

   a. Punitive and/or treble damages;
   b. Damages as permitted by statute and common law;
   c. Counsel fees;
   d. All other relief this Court deems necessary and just.

_____

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
New Jersey Bar ID No.: 027941988
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiffs*